United States District Court            Southern District of Texas

| | | |
|---|---|---|
| Forest Technologies Export, Inc., | § § § | |
| Plaintiff, | § § | |
| versus | § § | Civil Action H-07-300 |
| A.P. Moeller–Maersk A/S, | § § § | |
| Defendant. | § § | |

## Opinion on Denial of New Trial

1.  *Background.*

    Forest Technologies Export, Inc., moved for new trial, saying that (a) Savannah was not congested by Hurricane Katrina; (b) the routes and times proposed by A.P. Moeller–Maersk A/S were unreasonable; and (c) the court did not notify Forest that it would rule on issues other than the carriage of the ninety containers.

2.  *Congestion.*

    Evidence in the record that Savannah's port was congested from the hurricane's dislocation to trade was undisputed. For example, the corporate representatives of Forest had testified that the hurricane caused a delay in traffic of their cargo from New Orleans. Also in Forest's e-mails to its customers about the delay, its managers wrote that "the vessels are very full because of the hurricane problems," as well as, "due to Katrina, we need to divert some of our tonnages from New Orleans." While these do no say Savannah was congested, Forest did not dispute that Savannah was busier than usual. In response to a court order, Forest did not supply a basis for doubting Savannah's high usage.

3.  *Deviations.*

    The parties did not fix a rate, select a date or time, or choose a vessel for Savannah. Maersk did not issue a bill of lading to carry Forest's ninety containers. Maersk only offered to carry them when it was reasonable – retaining its right to roll bookings by substituting vessels and times. When Maersk chose to carry Forest's cargo either on an indirect route or

in a different month, Forest rejected it simply because it did not like Maersk's conditions – not because they were unreasonable.

When afforded another opportunity to demonstrate if Maersk's deviations were unreasonable, Forest supplemented the record with excerpts of voyages from the port of Charleston to show Maersk carried some containers for other companies during October and November of 2005. Because Forest does not know how much Maersk was contractually obliged to carry or by when with those companies, the excerpts mean nothing. Further, Maersk has never said it did not carry cargo after Katrina; it carried 53 containers from Savannah and 270 from Houston for Forest in October and November of 2005.

Further still, even if the other companies had identical space reservations to Forest's, the port congestion of Charleston was never raised, only Savannah's. Forest's supplement only illustrates that Maersk could have accommodated Forest by carrying the containers on a less direct route – even if it was from Charleston, a port one hundred miles farther from Central America, and to no avail, Forest would have and did reject Maersk's alternative.

Nothing Forest has supplied in its response after being ordered or even from the inception of the case has shown that Savannah was not congested. In essence, Forest did not dispute this basis in good faith.

4. *Notice.*

The only question for final decision in this case is what was Maersk contractually obliged to carry, if anything. The hurricane's dislocation to trade during the months in question as well as the issue of Maersk's obligation for fixed rates under the service contract are inextricably linked in ascertaining if Maersk was obliged to carry Forest's ninety containers. By submitting its bookings plus e-mails and depositions of its representatives on the hurricane's effect to its cargo, Forest itself submitted all facets of Maersk's contractual obligation.

More important, Forest never articulated in its motion for new trial what supporting facts it had to change the outcome if given another opportunity to respond. Having no just reason for delay, the court disposed of the case.

5.  *Conclusion.*

   The motion for new trial of Forest Technologies Export, Inc., will be denied.

Signed on March 12, 2009, at Houston, Texas.

_____
Lynn N. Hughes
United States District Judge
